**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ASHLEY REEDY, JOSHUA COOK, MELODY SCHOON, JASMINE SMITH SHADARI BUSH and SEDENA MCCLAIN, *on behalf of themselves & all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EVERLYWELL, INC. and BABY SOMEDAY, INC. D/B/A NATALIST,<br><br>Defendants. | Case No. 1:24-cv-02713<br><br>Hon. Andrea R. Wood |

**DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

We, Matthew J. Langley, *Esq*. and Tyler Bean, *Esq*., of Almeida Law Group LLC and Siri & Glimstad LLP ("Class Counsel") respectively, being competent to testify, make the following declaration:

1. Class Counsel represent Plaintiffs Ashley Reedy, Joshua Cook, Melody Schoon, Jasmine Smith, Shadari Bush, and Sedena McClain ("Plaintiffs") and the Settlement Class in the above-caption class action lawsuit (the "Action") against Everlywell, Inc. and Baby Someday, Inc. d/b/a Natalist ("Defendants"). We submit this declaration in support of *Plaintiffs' Motion and Memorandum of Law in Support of Approval of Attorneys' Fees, Costs, and Service Awards.*

2. The following facts are based upon our personal knowledge and, if called upon to do so, we could, and would, competently testify thereto.

3. Class Counsel has significant experience in consumer class action and data privacy and security litigation, including cases involving the Tracking Tool present on Defendants' Websites. Our experience is outlined in our firm resumes. *See* Doc. No. 28-1, Exhibits 2-3.

4. In reaching this resolution, Class Counsel were able to use our significant experience in class action litigation and having collectively negotiated dozens of class action settlements—including complex data breach and pixel tracking settlements.

5. Class Counsel understand from the Settlement Administrator that as of March 2, 2025, it has received 55,411 claims. However, there are still two weeks remaining until the March 19, 2025, Claims Deadline and, from our experience, we expect Class Members will submit forms at increasing rates as the Claims Deadline approaches.

6. As of February 28, 2025, the Settlement Administrator informs us that they have not received any objections to the proposed attorneys' fees and expenses. Additionally, of the roughly 2,176,023 Settlement Class Members who received notices, only three Settlement Class members have requested exclusion from the Settlement.

7. Class Counsel prosecuted this case on a purely contingent basis. As such, they assumed a significant risk of nonpayment or underpayment.

8. This litigation has required Class Counsel to spend time on this litigation that could have been spent on other matters. At various times during its pendency, this litigation has consumed a significant percentage of the time of Class Counsel's attorneys and paralegals.

9. Because Class Counsel undertook representation of this litigation on a contingency-fee basis, they shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

10. Class Counsel devoted a significant amount of time to prosecuting Plaintiffs'

individual and representative claims efficiently and effectively to ensure that the best possible outcome for the Settlement Class could be achieved.

11. The work done by Class Counsel in this case includes, among other things:

- analyzing the Defendants' Websites to determine what types of Tracking Tools, including pixels and cookies, were present on the Websites, what Website user actions served as 'triggers' for the Websites' collection of user information, what specific information was conveyed with regards to each trigger, and the mechanism through which that information could be made personally identifiable;
- creating extensive Plaintiff vetting questionnaires for pre-screening and spending significant time speaking with Class Members about their experience with Defendants' Websites and services to further refine the allegations in the Complaints;
- drafting and filing the complaints, including extensive research to identify viable claims, ultimately identifying causes of action under federal, state, and common law;
- preparing for and attending mediation before Mr. Bruce A. Friedman, *Esq*., a private mediator with JAMS;
- participating in informal discovery, including, but not limited to, exchanging information with Defendants regarding the Class size, the number of Class Members who used the Websites, the purchases made by those individuals, and information supporting Plaintiffs' damages allegations;
- drafting a mediation submission;
- negotiating a complex Settlement Agreement, including its exhibits, with Defendants;
- reviewing and revising said Settlement Agreement;
- drafting and/or reviewing and editing the Motion for Preliminary Approval, and accompanying Declaration and Proposed Order;
- working in concert with the Settlement Administrator to oversee the notice process and claims administration;
- responding to Settlement Class Members' inquiries and requests; and
- drafting and/or reviewing and revising the preparation of the concurrently filed motion for attorneys' fees, costs and service awards.

12. Class Counsel will spend additional time responding to any objections to the

request for attorneys' fees and/or final approval of the Settlement, if any are filed; to prepare for and attend the fairness hearing; to prepare final approval papers and obtain final approval; to defend any appeals taken from the final judgment approving the Settlement, if such appeals are taken; to respond to inquiries from Settlement Class Members about the case and the Settlement; and to ensure that the distribution of settlement proceeds to Class Members is done in a timely manner in accordance with the terms of the Settlement Agreement.

13. We assert that the attorneys' fees sought in the motion for attorneys' fees are reasonable and appropriate and that we seek fair compensation for undertaking this case on a contingency basis, and for obtaining an excellent result for Plaintiffs and the Settlement Class. Throughout this action, we have been challenged by highly experienced and skilled counsel who deployed substantial resources on Defendants' behalf.

14. The fees contemplated under Class Counsel's representation agreements fall within the generally accepted range of reasonable requests of between 33% and 40%. Class Counsel's fees were not guaranteed—the retainer agreement counsel had with Plaintiffs did not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, approved by the court. Class Counsel assumed the risk of advancing the time, costs, and expenses necessary to prosecute this matter.

15. Due to the early stage of litigation and efficiency by which Class Counsel was able to obtain this significant settlement, expenses and fees incurred by Plaintiffs are low, totaling $10,836.12 for filing fees, investigation costs and mediation costs. These expenses were necessary for the investigation, prosecution, and settlement of this Action. A breakdown of Class Counsel's costs and expenses, which Class Counsel asserts are reasonable and entirely self-funded, are stored in secure, computerized databases maintained by individuals in the accounting office of our

respective firms and which were checked for accuracy, are reflected below:

| EXPENSE | COST |
|---|---|
| **SIRI & GLIMSTAD LLP** | |
| **LexisNexis Legal Research Fees** | $646.12 |
| **Applications for *Pro Hac Vice* Admission** | $95.00 |
| **JAMS Mediation Fee** | $9,500.00 |
| **ALMEIDA LAW GROUP LLC** | |
| **Investigative Service** | $190.00 |
| **Filing Fee** | $405.00 |
| **TOTAL:** | **$10,836.12** |

16. The information regarding the costs and expenses listed above were prepared from expense vouchers, check records, and other source materials. It is anticipated that costs will continue to accrue, including, but not limited to, costs associated with preparation of the motion for final approval of the Settlement and additional travel expenses to appear at the Final Fairness Hearing.

17. The Settlement Agreement also calls for reasonable service awards to Plaintiffs in the amount of $2,500.00 each, subject to approval of the Court, in addition to any benefits provided to Settlement Class Members.

18. The Service Awards are meant to recognize Plaintiffs for their efforts on behalf of the Settlement Class, including their assisting in the investigation of the case, maintaining contact with Class Counsel, reviewing the pleadings, answering Class Counsel's questions, communicating with Class Counsel during and following the settlement negotiations, and reviewing the terms of the Settlement Agreement. Plaintiffs also put their personal reputations at risk by being named in the Consolidated Complaint and thereby putting themselves forward for

public scrutiny. Plaintiffs were not promised a service award, nor did they condition their representation on the expectation thereof.

19. Class Counsel strongly believe that the Settlement is favorable for the Settlement Class. The Settlement addresses the types of injury and repercussions sustained by Settlement Class members. The Settlement was achieved in a litigation that was both risky and complex, involving a cutting-edge, highly uncertain and largely untested area of the law. In the opinion of the undersigned, the Settlement is fair, reasonable, adequate, and the request for attorneys' fees and costs and service awards should be granted.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of March, 2025, at Oklahoma City, Oklahoma.

*/s/ Tyler Bean*
Tyler Bean

Executed this 5th day of March, 2025, in Chicago, Illinois.

*/s/ Matthew Langley*
Matthew Langley